UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISOK KHUDZHANAZAROV,

  *Petitioner,*

v.           Case No. 3:26-cv-1511-JEP-SJH

WARDEN RONNIE WOODALL, et
al.,

  *Respondents.*
_____/

## **ORDER**

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) or alternatively, to release him. (*See* Doc. 1 at 13). Petitioner is a citizen of Russia and Tajikistan who entered the United States on November 23, 2022, and was granted parole. (*Id.* at 2, 4, 6–7). On May 27, 2026, Petitioner was apprehended by local law enforcement and transported to the Hamilton County Jail. (*Id.* at 7; Doc. 13-2 at 2). After he spent two days in jail, ICE took custody of Petitioner on May 29, 2026. (Doc. 1 at 7). He contends, among other things, that his mandatory detention without an individualized bond hearing

violates the Immigration and Nationality Act ("INA"). (*See id.* at 9–10). At the heart of this case is Petitioner's contention that his detention is governed by 8 U.S.C. § 1226(a)—not § 1225(b)(2)(A). (*Id.* at 9–10).

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).[1] While the opinion did not

---

[1] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published

specifically address the circumstance of an individual, like Petitioner, who had been paroled into the country and whose parole had since expired, the reasoning of the opinion is equally applicable to Petitioner. Petitioner was detained within the interior of the United States—not at the border. *See id.* at 1286 (recognizing "the longstanding border-interior distinction for purposes of [immigration] detention"). And he was not "seeking lawful entry after inspection and authorization by an immigration officer"—indeed, he was "not applying for entry in any literal sense when [he was] detained." *Id.* at 1269 (some internal quotation marks omitted).

In their response, the Federal Respondents "assert that recent decisions have reached the incorrect outcome and urge the [C]ourt to reconsider its prior findings." (Doc. 13 at 5). Specifically, they argue that under 8 U.S.C. § 1182(d)(5)(A), "the alien returns to the status at which he was granted parole in the first instance"—in this case, that of an "arriving alien"—upon termination of parole. (*Id.* at 5–6). However, this statutory provision is silent as to detention status, *see* § 1182(d)(5)(A), and the Federal Respondents fail to otherwise explain how the text supports their interpretation, (*see id.* at 4–6).

---

opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

3

In addition, the two district court cases the Federal Respondents cite to support their argument carry little persuasive value in light of *Hernandez Alvarez*: both cases were decided prior to the Eleventh Circuit's decision, and one of them is out-of-circuit. (*Id.* at 5); *see Pedro v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-cv-524-KCD, 2026 WL 900129, at *5 (M.D. Fla. Apr. 2, 2026); *Chanaguano Caiza v. Scott*, No. 1:25-CV-00500-JAW, 2025 WL 3013081, at *6 (D. Me. Oct. 28, 2025). The Federal Respondents also provide a quote from *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020) invoking due process, which is not germane to the issues here. (*See* Doc. 13 at 6).[2]

Accordingly, the *ratio decidendi* of *Hernandez Alvarez* applies in this case, and the Court is bound by it. (*See id.* at 5).

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention without an individualized bond hearing violates the INA.[3] Within

---

[2] The Federal Respondents also argue that Petitioner's parole "allowed his otherwise mandatory § 1225[] detention to be suspended, subject, however, [to] the government's right to treat him 'as if stopped at the border.'" (Doc. 13 at 4 (quoting *Thuraissigiam*, 591 U.S. at 139)). But *Thuraissigiam* mentions only the detention status of aliens on parole, not post-termination of parole. 591 U.S. at 139.

[3] Because the Court grants relief on Petitioner's claim under the INA, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after

**seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Warden's motion to dismiss (Doc. 12) **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the amended petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on July 9, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

---

granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").